IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DERAFFELE, | : | Case No. 4:15-CV-02186 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Schwab) |
| CITY OF WILLIAMSPORT, *et al.*, | : | |
| Defendants. | : | |

**ORDER**

**March 2, 2017**

Before the Court for disposition is a Report and Recommendation prepared by Chief Magistrate Judge Susan E. Schwab on October 3, 2016.[1] In this Report, Chief Magistrate Judge Schwab recommended that the Court grant Defendants' Motion to Dismiss the Amended Complaint and that Plaintiff be granted leave to file a second amended complaint.[2] On October 19, 2016, Plaintiff John DeRaffelle filed a "Reply to the Report and Recommendation" which this Court will construe as objections.[3]

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of

---

[1] ECF No. 39.

[2] Id.

[3] ECF No. 40.

fact and recommendations."[4]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[5]  Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6]  Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

    Following independent review of the record, I am satisfied that the Report and Recommendation contains no clear facial error.  Furthermore, while Plaintiff has filed Objections, he has provided no legal argument to the Court as to (1) why his due process and Fourth Amendment claims should not be dismissed due to the exigent circumstances, or (2) why, to the extent his claims are based on the issuance of the citation, the Heck favorable termination rule[8] does not bar his

---

[4] 28 U.S.C. 636(b)(1)(B).

[5] 28 U.S.C. 636(b)(1).

[6] Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8] In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

claims.[9]  Rather, having reviewed *de novo* the entirety of the Report and Recommendation, I am in agreement that, based solely on the allegations contained within his Amended Complaint,[10] Plaintiff fails to state a claim under either the due process clause of the Fourteenth Amendment clause or the Fourth Amendment.  I will therefore not rehash Chief Magistrate Judge Schwab's sound reasoning and legal citation on this issue.

Finally, because I will grant leave to amend in accordance with the conclusion of the Report and Recommendation, I will impart to Plaintiff the following guidance.  First, I note that Plaintiff's Objections contain obscene language.  As acknowledged by Defendants in their brief in opposition to Plaintiff's objections, I previously admonished Plaintiff for such language in a separate lawsuit.  I repeat that admonition here and opine that such inflammatory language does not advance Plaintiff's case.  Second and relatedly, I advise that *pro*

---

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). Courts within the Third Circuit have applied this doctrine to convictions under a quasi-criminal municipal authority. Ference v. Twp. of Hamilton, 538 F.Supp.2d 785, 790 (D.N.J. Feb. 6, 2008); Shahid v. Borough of Eddystone, Civil Action No. 11-CV-2501, 2012 WL 1858954, at *5 (E.D.Pa. May 22, 2012).

[9] Plaintiff has appealed the Honorable Marc F. Lovecchio of the Court of Common Pleas of Lycoming County, Pennsylvania's verdict that he was guilty of violating IPMC § 108.5 to the Commonwealth Court of Pennsylvania. While that appeal is pending, this conviction remains valid. See Heck, 512 U.S. at 486–87.

[10] In his Objections, Plaintiff again tries to assert facts not contained within his Amended Complaint. Such allegations need not be considered at this stage of proceeding absent corroboration within his complaint. See Chavarriga v. New Jersey Dept. of Corr., 806 F.3d 210, 232 (3d Cir. 2015).

*se* Plaintiff study the legal deficiencies of his Complaint outlined by the Report and Recommendation, and take heed of the directive contained in footnote 15 of the Report, located on page 16. Plaintiff is warned that he will receive only one further opportunity to construct a legally sufficient complaint.

**AND NOW**, therefore, **IT IS HEREBY ORDERED THAT**:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (ECF No. 39) is **ADOPTED IN ITS ENTIRETY**.

2. Defendants City of Williamsport, Joseph Girardi and Thomas Evansky's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10) is **GRANTED**.

3. Plaintiff, however, is given leave to file a second amended complaint on or before twenty-one (21) days from the date of this Order.

4. This matter is remanded to Chief Magistrate Judge Schwab for further proceedings.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge