## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DERAFFELE,

        Plaintiff,

    v.

CITY OF WILLIAMSPORT,

        Defendant.

No. 4:15-CV-02186

(Judge Brann)

(Chief Magistrate Judge Schwab)

## ORDER

### FEBRUARY 9, 2018

Before the Court for disposition is a Report and Recommendation prepared

by Chief Magistrate Judge Susan E. Schwab on January 2, 2018.[1]  In this Report,

Chief Magistrate Judge Schwab recommended that the Court grant Defendant City

of Williamsport's Motion to Dismiss the Second Amended Complaint without

granting Plaintiff John DeRaffele further leave to amend.[2]  No objections to this

Report have since been filed.

Upon designation, a magistrate judge may "conduct hearings, including

evidentiary hearings, and . . . submit to a judge of the court proposed findings of

fact and recommendations."[3]  Once filed, this Report and Recommendation is

disseminated to the parties in the case who then have the opportunity to file written

---

[1]  ECF No. 59.

[2]  *Id.*

[3]  28 U.S.C. § 636(b)(1)(B).

objections.[4]  Where no objection is made to a report and recommendation, the

court should, as a matter of good practice, "satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation."[5]  Nevertheless,

whether timely objections are made or not, the district court may accept, reject or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge.[6]

    Following independent review of the record, I am satisfied that the Report

and Recommendation contains no legal error, and Defendant City of

Williamsport's Motion to Dismiss the Second Amended Complaint should be

granted.  I find, like the Report and Recommendation, that Plaintiff has failed to

allege a policy or custom of the City that caused the alleged violations of his

constitutional rights in keeping with the requirements of *Monell* liability.[7]  Rather,

Plaintiff seemingly attempts to hold the City liable for the actions of non-party

---

[4]   28 U.S.C. § 636(b)(1).

[5]   *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[6]   28 U.S.C. § 636(b)(1); Local Rule 72.31.

[7]   As noted by the Report and Reommendation, a policy or custom can be shown in four ways: (1) the existence of a formal policy, officially promulgated or adopted by a municipality; (2) an official or officials responsible for establishing final policy with respect to the subject matter in question taking action or making a deliberate, specific decision that caused the alleged violation of plaintiff's constitutional rights, (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage" and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, or (4) a claim of failure to train or supervise when such a failure amounts to deliberate indifference to the rights of persons coming into contact with municipal officials. *See Nye v. Cumberland Cty.*, No. 1:14-CV-713, 2016 WL 695109, at *4 (M.D. Pa. Feb. 19, 2016)(citations omitted).

code inspector Thomas Evansky, a party without final policymaking authority, under a theory of *respondeat superior*.[8]  Furthermore, while Plaintiff suggests that he should be granted leave to amend, I note that this would be Plaintiff's third attempt to state a plausible claim, and that, in my Order of March 2, 2017, I warned further leave would not be granted.  Dismissal of Plaintiff's Second Amended Complaint is therefore with prejudice.

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (ECF No. 59) is **ADOPTED IN ITS ENTIRETY**;

2. Defendant City of Williamsport's Motion to Dismiss for Failure to State a Claim (ECF No. 45) is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8]   A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).