# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOHN DERAFFELE, | No. 4:15-CV-02186 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| CITY OF WILLIAMSPORT, | (Chief Magistrate Judge Schwab) |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 4, 2018

Before the Court for disposition is Chief Magistrate Judge Susan E. Schwab's Report and Recommendation and Plaintiff John DeRaffele's Objections to same. For the following reasons, Plaintiff's Objections will be overruled and his Second Amended Complaint will be dismissed with prejudice.

## I. PROCEDURAL BACKGROUND

This case was initiated by Plaintiff John DeRaffele on November 16, 2015.[1] An Amended Complaint was filed on November 24, 2015.[2] Defendants, then City of Williamsport, Joseph Girardi, and Thomas Evansky, subsequently filed a motion to dismiss.[3] By Order dated February 2, 2017, and following full briefing by all parties, I adopted the Report and Recommendation of Chief Magistrate Judge

---

[1] ECF No. 1.

[2] ECF No. 8.

[3] ECF No. 10.

Schwab.[4] In this Report and Recommendation, Chief Magistrate Judge Schwab had advised Plaintiff that, while she was recommending that leave to amend be granted,

> Any second amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed. It shall not incorporate by reference any of the previous complaints. Any second amended complaint shall be titled as a second amended complaint and shall contain the docket number of this case.[5]

On March 27, 2017, Plaintiff filed a Second Amended Complaint in which he named the City of Williamsport as the sole Defendant.[6] He has since confirmed that the City of Williamsport is the sole remaining defendant.[7] Defendant City of Williamsport filed a Second Motion to Dismiss on April 3, 2017.[8] In her Report and Recommendation of January 2, 2018, Chief Magistrate Judge Schwab recommended that this Court grant the City's motion with prejudice.[9] This conclusion was based on Plaintiff's failure to allege a policy or custom of its sole remaining Defendant—the City of Williamsport.[10] Plaintiff has since filed

---

[4] ECF No. 43.

[5] ECF No. 39 at 26 n. 15.

[6] ECF No. 44.

[7] *See* ECF No. 48 ("I have singled out the City of Williamsport is the only defendant . . . ").

[8] ECF No. 45.

[9] ECF No. 59.

[10] Id. at 11.

Objections to this Report and Recommendation, the matter has been fully briefed,[11] and I have duly considered the arguments presented.[12]

## II. LAW

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact and recommendations."[13] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[14] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[15]

Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[16] For portions of the Report and Recommendation to which no objection is made, a court should, as a matter of good practice, "satisfy itself that there is no

---

[11] ECF Nos. 66, 68, & 69.

[12] *See* M.D.Pa. LR 72.3; M.D.Pa. LR 72.2 (setting forth the briefing schedule for Objections to Reports and Recommendation).

[13] 28 U.S.C. § 636(b)(1)(B).

[14] 28 U.S.C. § 636(b)(1).

[15] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

[16] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

clear error on the face of the record in order to accept the recommendation."[17] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[18]

### III. ANALYSIS

Having conducted *de novo* review of the Report and Recommendation, I find Plaintiff's Objection to be without merit. Specifically, in his Objections, Plaintiff fails to correct the key deficiency outlined by Chief Magistrate Judge Schwab in her Report and Recommendation, that is the lack of a formal policy or custom giving rise to liability against the Defendant City of Williamsport. My reasoning is as follows.

In *Monell v. Department of Social Services of City of New York,* the Supreme Court of the United States determined that, while municipal bodies may not be sued solely for violations perpetrated by its employees or agents, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

---

[17] Fed.R.Civ.P. 72(b), advisory committee notes; s*ee also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[18] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

the injury that the government as an entity is responsible under § 1983."[19] In order to establish municipality liability under Section 1983, a plaintiff must establish that the municipality had a policy or custom that caused his constitutional injury.[20] As noted in the Report and Recommendation, a policy or custom can be shown in four ways:

> (1) the existence of a formal policy, officially promulgated or adopted by a municipality; (2) an official or officials responsible for establishing final policy with respect to the subject matter in question taking action or making a deliberate, specific decision that caused the alleged violation of plaintiff's constitutional rights, (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage" and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, or (4) a claim of failure to train or supervise when such a failure amounts to deliberate indifference to the rights of persons coming into contact with municipal officials.[21]

Finally, in order for municipal liability to exist, there must still be a violation of the plaintiff's constitutional rights.[22]

My review of the Second Amended Complaint reveals that Plaintiff has not alleged facts from which it can reasonably be inferred that the City had a policy or custom of condemning property or issuing citations without due process of law, in violation of the Fourth Amendment, out of retaliation for legal activities, or

---

[19] 436 U.S. 658, 694 (1978).

[20] *Id.* at 694–95.

[21] *See Nye v. Cumberland Cty.*, No. 1:14-CV-713, 2016 WL 695109, at *4 (M.D. Pa. Feb. 19, 2016)(citations omitted).

[22] *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006).

without just compensation when compensation is required. Furthermore, and in the alternative, he has alleged no facts which indicate that an established policy or custom of the City had the effect of causing such a violation. Finally, I note that Chief Magistrate Judge Schwab dismissed, for lack of any supporting facts, Plaintiff's argument that the City adopted a policy of using the International Property Maintenance Code "to rid the city of undesirables."[23] Plaintiff reiterates that argument in his Objections.

Like Magistrate Judge Schwab, however, I am unpersuaded that this conclusory objection concerning a matter undoubtedly outside the four corners of the complaint suffices to state a plausible claim for relief. I specifically note that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."[24] Here, the factual allegations in the Second Amended Complaint suggest that the events giving rise to suit, if constitutionally violative, were no more than an isolated incident, and there is no support for Plaintiff's allegation that the International Property Maintenance Code was utilized in another circumstance to "rid the city of undesirables." Therefore,

---

[23] ECF No. 59 n. 7.

[24] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

even assuming a constitution violation premised on this Code, the law is clear that such an isolated instance of alleged unconstitutional conduct cannot give rise to *Monell* liability.[25]

Based on this failure, Plaintiff's Second Amended Complaint will be dismissed with prejudice. While Plaintiff obliquely suggests that he should be granted leave to amend, I note that this would be Plaintiff's fourth attempt to state a plausible claim. Here, given the procedural posture of this case, leave will be denied as futile and prejudicial to the non-moving party. Plaintiff has had three opportunities to state a claim upon which relief can be granted in this action which was commenced nearly three years ago. He amended once as a matter of right on November 24, 2015, and once with leave of Court on March 27, 2017.[26]

In the latter amendment, Plaintiff narrowed this suit to name only the City of Williamsport as a Defendant,[27] and, in the face of the Defendant City's arguments concerning the lack of policy supporting *Monell* liability, Plaintiff reiterated his

---

[25] *See Colburn v. Upper Darby Twp.*, 838 F.2d 663, 672 (3d Cir. 1988); s*ee also Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy . . . [that] can be attributed to a municipal policymaker."); *Brown v. City of Pittsburgh*, 586 F.3d 263, 292–93 (3d Cir. 2009) (noting that where no policy is explicitly recognized, "'more proof than the single incident will be necessary' to establish a causal connection between the incident and some municipal policy") (citation omitted).

[26] ECF Nos. 8 & 44.

[27] ECF No. 44.

desire to name only the City.[28] As noted above, Chief Magistrate Judge Schwab correctly found no basis for *Monell* liability, and I adopt that finding today. Plaintiff's Objections to the Report and Recommendation offer no basis from which I can conclude that further amendment would change that conclusion.[29] Therefore, based on this finding of futility and noting that further amendment would be prejudicial to Defendant,[30] I will dismiss this case with prejudice.[31]

## IV.   CONCLUSION

Based on the above analysis, Plaintiff's Objections will be overruled, Chief Magistrate Judge Susan E. Schwab's Report and Recommendation is adopted in its entirety, and Defendant's Motion to Dismiss Plaintiff's Second Amended is granted.  Plaintiff's Second Amended Complaint will be dismissed with prejudice.

---

[28] ECF No. 48, at 6.

[29] *Shane v. Faver*, 213 F.3d 113, 115 (3d Cir. 2000)( " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

[30] *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous. Of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981)("The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the touchstone for the denial of leave to amend.").

[31] *See, e.g., Ferris v. Borough of Baldwin*, 247 F.Supp.3d 671, 683 (W.D.Pa. 2017)(quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge